**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MIRANDA RIVERA, INDIVIDUALLY,** | § | |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF SERGIO RIVERA,** | § | |
| **DECEASED, AND TERESA RIVERA,** | § | |
| **INDIVIDUALLY** | § | |
| | § | **CIVIL ACTION NO.:** |
| **VS.** | § | **1:17-cv-10541-WGY** |
| | § | |
| **PATRICIO PALACIOS, INDIVIDUALLY,** | § | |
| **AND AS OWNER OF THE F/V AIMEE** | § | |
| **MARIE** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES the Defendant, Patricio Palacios ("Defendant"), and respectfully submits his

Answer to the Plaintiff's Complaint and Demand for Jury Trial as follows:

### PARTIES AND SERVICE

1.      The Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2.      The Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph No. 2 and therefore denies same.

3.      The Defendant denies the allegations contained in Paragraph No. 3.

### JURISDICTION AND VENUE

4.      The allegations contained in Paragraph No. 4 are statements of law, requiring no answer

by the Defendant.  To the extent an answer is required, the Defendant denies same.

### FACTS

5.      The allegations in Paragraph No. 5 are statements of law, requiring no answer by the

Defendant.  To the extent an answer is required, the Defendant denies same.

## JONES ACT

6.      The allegations contained in Paragraph No. 6 are statements of law, requiring no answer by the Defendant.  To the extent an answer is required, the Defendant denies same.

## NEGLIGENCE

7.      The Defendant denies the allegations contained in Paragraph No. 7.

8.      The Defendant denies the allegations contained in Paragraph No. 8.

## UNSEAWORTHINESS

9.      The allegations contained in Paragraph No. 9 are statements of law, requiring no answer by the Defendant.  To the extent an answer is required, the Defendant denies same.

## WRONGFUL DEATH CLAIM

10.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff, Miranda Rivera, is the surviving natural daughter of Sergio Rivera, Deceased, and therefore denies same. The Defendant denies any remaining allegations contained in Paragraph No. 10.

11.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff, Teresa Rivera, is the surviving natural daughter of Sergio Rivera, Deceased, and therefore denies same. The Defendant denies any remaining allegations contained in Paragraph No. 11.

## SURVIVAL CLAIM

12.     The Defendant denies the allegations contained in Paragraph No. 12.

## MAINTENANCE AND CURE

13.     The allegations in Paragraph No. 13 are statements of law, requiring no answer by the Defendant.  To the extent an answer is required, the Defendant denies same.

## PLAINTIFF'S INJURIES AND DAMAGES

14.     Paragraph No. 14 does not contain an allegation of fact or law. To the extent an answer is required, Defendant denies same.

## RECOVERY OF INTEREST

15.     Paragraph No. 15 does not contain an allegation of fact or law. To the extent an answer is required, Defendant denies same.

## PRAYER

16.     Paragraph No. 16 does not contain an allegation of fact or law. To the extent an answer is required, Defendant denies same.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss all Counts in Plaintiff's Original Complaint, together with costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant and incorporates the following Affirmative Defenses into each and every cause of action contained in its Answer to Plaintiffs' Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant states that the causes of action contained in the Plaintiff's Original Complaint ("Complaint") fail to state causes of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint further fails to state a cause of action upon which relief may be granted because the Jones Act, 46 U.S.C. §§ 30104, et seq. (the "Jones Act"), is the exclusive remedy for negligence for the seaman's beneficiaries against the seaman's employer with respect to the death of a seaman.

## THIRD AFFIRMATIVE DEFENSE

Any claims in the Complaint by Plaintiff, Teresa Rivera, fail because a Jones Act death action is brought by Sergio Rivera's (the "Decedent") seaman's personal representative for the benefit of the seaman's surviving spouse and children, parents, or dependent next of kin, and the classes of beneficiaries under the Jones Act are preclusive, so the existence of one class of beneficiaries precludes recovery by a subsequent class.

## FOURTH AFFIRMATIVE DEFENSE

Any claims in the Complaint by Plaintiff, Teresa Rivera, for "loss of nurture, guidance that companionship, assistance, support, love, and affection that [Teresa Rivera] would have received from [the Decedent] if he would have survived" are not recoverable as Plaintiff, Teresa Rivera, was the mother of the Decedent, and not the child of the Decedent, and Plaintiff, Teresa Rivera, therefore has no claim for such damages as such an award does not extend to compensation for grief resulting from the loss of the parental relationship.

## FIFTH AFFIRMATIVE DEFENSE

Any claims in the Complaint by Plaintiffs for maintenance and cure or for failure to pay maintenance and cure should be denied as a result of the Decedent's abuse of illicit drugs and/or willful misconduct.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted because the general maritime law does not provide recovery for non-pecuniary damages, including for any mental anguish, shock and conscious pain and suffering the Decedent allegedly suffered prior to his death.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted because the wrongful death claim action and survival claim are preempted by the Jones Act as it is the exclusive cause of action for negligence against a seaman's employer.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted because the Jones Act and the general maritime law do not provide for compensation for non-pecuniary damages including for loss of society, companionship, and consortium.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted because Plaintiffs do not allege that the Decedent died on navigable waters.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted because there is no evidence that the Decedent died as a result of any alleged injuries in the service of the Vessel or in the course of his employment, but, rather the Decedent died as a result of his own illicit drug abuse and/or willful misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

If any judgment should be entered in favor of the Plaintiffs, the amount of any judgment should be reduced by any payments previously tendered to the Plaintiffs and/ or the Decedent by the Defendant or on behalf of the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that at the time and place that the Decedent allegedly injured himself on the Vessel, the decedent carelessly and negligently conducted himself and that he, by his own

negligence and/or willful misconduct directly and proximately caused his own death, and accordingly, Plaintiff should recover nothing, or, in the alternative, damages should be reduced by the proportionate degree of fault of the Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Decedent's alleged injuries were caused solely by his own willful and illegal conduct, negligence, failure and breach to exercise his duty of care, skill and knowledge in the performance of his work, as reasonably required of a seaman of his experience, and was not due to any negligence or fault on the part of Defendant or any person for whom Defendant may be legally responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant states that if Decedent sustained damages and/or injuries as a result of matters alleged in the complaint, which is denied, those damages or injuries were caused in whole or in part by the failure of Decedent to carry out the responsibilities assigned to him as a primary duty and were not caused and/or contributed to in any manner by any negligence and/or fault of Defendant, its officers, crew, agents, servants, employees, vessels, and/or others for whom it was or is responsible, nor by any unseaworthiness of its Vessel.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the death of Decedent did not occur through any act of omission or commission on part of Defendant, its agents, servants, officers, and/or employees.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of Defendant and for whose acts or omissions Defendant is not legally

responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that if decedent was injured as alleged on the Vessel, which is specifically denied, the alleged injury resulted in whole or in part from an open and obvious condition.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the Decedent's death and/or the alleged injuries he sustained on the Vessel were the result of an intervening and/or superseding event and/or his own willful misconduct with which Defendant was not involved.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant states that if decedent sustained personal injuries as alleged, which is specifically denied, it was due to an Act of God for which Defendant is not responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiff's claims are barred under the doctrine of superseding and intervening cause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Decedent was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of Defendant and Defendants is entitled to an exoneration and/or limitation of its liability under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501 - 30512.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during the pendency of this action and hereby reserves the

right to amend its Answer to assert additional defenses by appropriate motion.

WHEREFORE, Defendant, Patricio Palacios, demands judgment enter in his favor

dismissing the Complaint with prejudice, together with of costs of suit and disbursements,

including reasonable attorneys' fees, incurred in connection with this action, and such other and

further relief to which he may show himself justly entitled.

**THE DEFENDANT, PATRICIO PALACIOS, DEMANDS TRIAL BY JURY ON ALL COUNTS TO WHICH THEY ARE ENTITLED AND CLAIM TRIAL BY THE COURT ON ALL REMAINING ISSUES, INCLUDING THE LIMITATION OF LIABILITY ACT OF 1851, 46 U.S.C. §§ 30501 – 30512, WHICH IS FOR THE COURT'S DETERMINATION.**

Respectfully Submitted,
The Defendant,
By his attorneys,


/s/ Samuel P. Blatchley
Robert J. Murphy BBO# 557659
Samuel P. Blatchley BBO# 670232
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA  02110
(617) 428-1151
holbrook_murphy@msn.com
sblatchley@holbrookmurphy.com

8

## **Certificate of Service**

I hereby certify that on August 17, 2017, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Samuel P. Blatchley
Samuel P. Blatchley BBO# 670232
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA  02110
(617) 428-1151
sblatchley@holbrookmurphy.com